# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50005
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HAROLD ARCHIE LINDSAY, III,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-143-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Harold Archie Lindsay, III, entered a conditional guilty plea to being a felon in possession of a firearm. He was sentenced at the bottom of the advisory guidelines range to 30 months of imprisonment and three years of supervised release. Pursuant to his plea agreement, Lindsay reserved the right to appeal the district court's denial of his motion to suppress evidence. As he did before

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court, Lindsay contends that the search warrant obtained in his case was legally insufficient as it was based on a "bare bones" affidavit.

This court engages in a two-step inquiry when reviewing a district court's denial of a defendant's motion to suppress when a search warrant is involved. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999).  First, the court determines whether the good faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897 (1984), applies.  *Cherna*, 184 F.3d at 407.  If so, no further analysis is conducted and the district court's denial of the motion to suppress will be affirmed.  *Id.*  If the good faith exception does not apply, the court proceeds to the second step, "ensur[ing] that the magistrate had a substantial basis for . . . concluding that probable cause existed."  *Id.* (internal quotation marks and citation omitted).

Although the affidavit in the instant case could have provided more information regarding details of the controlled buy, the affidavit did not contain "wholly conclusory statements" that were "so lacking in indicia of probable cause as to render official belief in [their] existence entirely unreasonable."  *United States v. Satterwhite*, 980 F.2d 317, 320-21 (5th Cir. 1992) (internal quotation marks and citations omitted).  Given that affidavits must be construed in a commonsense manner, *see United States v. Ventresca*, 380 U.S. 102, 108 (1965), with great deference given to a magistrate judge's determination of probable cause, the district court did not err in finding that the affidavit in the instant case was not bare bones.  *See United States v. McKnight*, 953 F.2d 898, 905 (5th Cir. 1992).  As such, it is unnecessary to determine if probable cause in fact existed, because the good-faith exception applies.  *See Cherna*, 184 F.3d at 407.

AFFIRMED.